ORDERED.

Dated: January 30, 2024

_____
Lori V. Vaughan
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Case No. 6:23-bk-03825-LVV** |
| | **Chapter 11** |
| **MAISON DRAKE, LLC,** | **Subchapter V** |
| | **EIN: 26-3366070** |
| Debtor. | |
| _____/ | |

**FOURTH INTERIM ORDER GRANTING MOTION BY**
**DEBTOR-IN-POSSESSION FOR AUTHORITY TO USE**
**CASH COLLATERAL AND REQUEST FOR EMERGENCY**
**HEARING ON AN INTERIM BASIS THROUGH MARCH 5, 2024, A**
**FURTHER HEARING ON THIS MATTER WILL BE HELD ON MARCH 5, 2024**

THIS CASE came on for hearing on January 9, 2024, at 1:30 p.m., to further consider the Motion by Debtor-In-Possession for Authority to Use Cash Collateral (Doc. No. 7) [the "Motion"] and AMAZON CAPITAL SERVICES, INC.'s ("ACS" or "Senior Secured Creditor") Limited Objection to Debtor's Motion for Authority to Use Cash Collateral (Doc. No. 14) ("Objection"). The Court, having reviewed the Motion and Objection, having found the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, being fully advised in the premises and

having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; it is **ORDERED:**

1. The Motion is hereby **GRANTED** on an interim basis through March 5, 2024 (the "Interim Period"), as set forth herein.

2. <u>Cash Collateral Authorization</u>. Subject to the provisions of this Interim Order, the Debtor is authorized to use cash collateral, as that term is defined by 11 U.S.C. § 363(a) ("Cash Collateral"), solely in accordance with the budget attached hereto as Exhibit A (the "Interim Budget"), and subject to the provisions of this Interim Order.[1] The Debtor is authorized to use Cash Collateral only to pay the amount and type of expenses set forth in the Interim Budget.

3. <u>Debtor Obligations</u>. Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Orders of this Court.

4. <u>Adequate Protection Lien</u>.  To satisfy their right to adequate protection of their interest in the Debtor's Cash Collateral for any diminution in value of their alleged interest in the Cash Collateral, pursuant to 11 U.S.C. §§ 361, 363, and 552(b), the Senior Secured Creditor and the Inferior Interests (as that term is defined in the Motion), shall have valid, attached, choate, enforceable, perfected, postpetition security interests and liens ("Adequate Protection Liens") in and against all post-petition assets of the Debtor (the "Post-Petition Collateral") of the same character and type, to the same nature, extent, validity, and priority that Senior Secured Creditor and each of the Inferior Interests held a properly perfected prepetition security interest in such assets prior to the Debtor's petition date.  The Adequate Protection Liens upon the Post-Petition

---

[1] Expenses contained in Exhibit A that relate to the payments to professionals and the trustee require separate Court approval.

Collateral shall have the same validity and priority as existed on the petition date: (1) between the Senior Secured Creditor and the Inferior Interests, (2) between the Senior Secured Creditor and the Debtor, (3) between the Inferior Interests and the Debtor, and (4) between the Senior Secured Creditor, the Inferior Interests, and all other creditors or claimants against the Debtor's estate. This Interim Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect, and the liens granted by this Interim Order on Post-Petition Collateral shall be valid, perfected, and enforceable security interests and liens on the property of the Debtor and the Debtor's estate without further filing or recording of any document or instrument or any other action, but only to the extent that the Senior Secured Creditor and the Inferior Interests, respectively, have valid and perfected security interests prior to the Debtor's petition date.

5. <u>Perfection of Replacement Liens</u>. The Adequate Protection Liens granted herein shall be deemed attached, perfected, effective, and enforceable against the Debtor and all other persons and parties, including without limitation any subsequent Trustee (if appointed under Chapter 7 or Chapter 11 of the Bankruptcy Code), by operation of law immediately upon entry of this Interim Order and without the necessity of execution or filing of any mortgages, security agreements, pledge agreements, financing statements, account control agreements, filings, instruments, or other compliance with non-bankruptcy law. With respect to the post-petition liens and security interests granted by this Interim Order, Senior Secured Creditor and the Inferior Interests may, but need not, with consent from Debtor take such steps as they deem desirable and applicable to comply with such statutes, and all financing statements and other documents that are filed listing the Debtor, as borrower, and Senior Secured Creditor and/or the Inferior Interests, as lenders, shall be deemed to have been filed and the post-petition liens and security interests granted

herein shall be deemed to have been perfected on the date of the entry of this Interim Order. The Adequate Protection Liens on Post-Petition Collateral shall not extend to the proceeds of any avoidance actions received by Debtor or the estate pursuant to sections 544, 547, 548, 549, or 550 of the Bankruptcy Code. The Adequate Protection Liens on Post-Petition Collateral shall be in addition to any pre-petition liens held by Senior Secured Creditor and the Inferior Interests, and shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of this case.

6. <u>Adequate Protection Payments to ACS</u>.  During the Interim Period, as additional adequate protection to ACS, the Debtor is authorized and directed to pay ACS the amount of $7,000.00 per month commencing in October 2023, which ACS or its affiliates shall be entitled to deduct from the Debtor's Amazon seller account on an ongoing basis.

7. Senior Secured Creditor and the Inferior Interests shall hold allowed administrative claims under 11 U.S.C. § 507(b) to the extent that the replacement liens on Post-Petition Collateral do not adequately protect the diminution in value of their interests in their pre-petition collateral. Such administrative claims shall be junior and subordinate only to the administrative claims of professionals and any superpriority claim of the kind ordered by the Court and specified in Section 364 of the Bankruptcy Code.  For the avoidance of doubt, this Interim Order does not determine the value of the interests of Senior Secured Creditor or the Inferior Interests in their pre-petition collateral as of the petition date, and such determination will be made at a later date, to the extent necessary.

8. Amazon.com Services, LLC ("Amazon.com") and the Debtor are authorized to continue to perform under the Business Solutions Agreement ("BSA"), which governs the Debtor's ability to sell products on the "Amazon Store," in the ordinary course. Amazon.com and

its affiliates are further authorized to continue netting fees, expenses, and reimbursements (whether or not related to prepetition or postpetition sales) from the Debtor's sales proceeds and remit, to the Debtor, the Debtor's net proceeds less the monthly adequate protection payments owed to Senior Secured Creditor under this Interim Order.

9. The automatic stay under Bankruptcy Code Section 362(a) is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order.

10. <u>Insurance</u>. The Debtor shall maintain insurance coverage for its property in accordance with the obligations under the loan and security documents with Senior Secured Creditor and the Inferior Interests.

11. <u>Without Prejudice</u>. This order is without prejudice to (i) any subsequent request by a party in interest for modified or additional adequate protection, or restrictions on use of cash collateral or (ii) any other right or remedy which may be available to the Debtor or Senior Secured Creditor or the Inferior Interests, except that the Debtor's secured creditors may not impede Debtor's use of the cash collateral in accordance with the terms of this Interim Order.

12. <u>Creditors' Committee</u>. The provisions of this Interim Order are without prejudice to the rights of the United States Trustee to appoint a committee or any rights of a duly appointed committee to challenge the validity, priority, or extent of any lien(s) asserted against Cash Collateral.

13. <u>Enforcement</u>. The Court shall retain jurisdiction to enforce the terms of this Interim Order.

14. A continued preliminary hearing on this matter will be held on March 5, 2024, at 2:00 p.m., at which time the Debtor's continued use of Cash Collateral will be addressed.

###

Attorney for Debtor, Jeffrey S. Ainsworth, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

## Ex. B - Cash Collateral

| GROSS RECEIPTS | Jan | Feb | March | |
|---|---|---|---|---|
| Sales | $ 207,890.36 | $ 222,442.69 | $ 229,115.97 | $ 659,449.01 |
| (Returns and Allowances) | | | | $ - |
| Gross Sales | $ 207,890.36 | $ 222,442.69 | $ 229,115.97 | $ 659,449.01 |
| COST OF GOODS SOLD | | | | |
| Purchases (merchandise) | $ 89,480.64 | $ 95,744.28 | $ 98,616.61 | $ 283,841.52 |
| FBA Fees | $ 8,731.40 | $ 9,342.59 | $ 9,622.87 | $ 27,696.86 |
| Commission | $ 31,183.55 | $ 33,366.40 | $ 34,367.39 | $ 98,917.35 |
| Total Cost of Goods Sold | $ 129,395.58 | $ 138,453.28 | $ 142,606.87 | $ 410,455.73 |
| Gross Profit | $ 78,494.78 | $ 83,989.41 | $ 86,509.09 | $ 248,993.28 |
| EXPENSES | | | | |
| Auto | $ 1,016.00 | $ 1,016.00 | $ 1,016.00 | $ 3,048.00 |
| Officer Comp | $ 21,961.28 | $ 21,961.28 | $ 21,961.28 | $ 65,883.84 |
| Payroll | $ 17,768.00 | $ 17,768.00 | $ 17,768.00 | $ 53,304.00 |
| Phone | $ 550.00 | $ 550.00 | $ 550.00 | $ 1,650.00 |
| Marketing/Advertising | $ 2,078.90 | $ 2,224.43 | $ 2,291.16 | $ 6,594.49 |
| Shipping Fees | $ 17,982.52 | $ 19,241.29 | $ 19,818.53 | $ 57,042.34 |
| Shipping Supplies | $ 1,563.34 | $ 1,672.77 | $ 1,722.95 | $ 4,959.06 |
| Subchapter V Monthly Fee | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 3,000.00 |
| Supplies | $ 649.87 | $ 695.36 | $ 716.22 | $ 2,061.44 |
| computer /Internet / Software | $ 1,300.00 | $ 1,300.00 | $ 1,300.00 | $ 3,900.00 |
| Maintenance /Cleaning | $ 600.00 | $ 600.00 | $ 600.00 | $ 1,800.00 |
| Rent | $ 2,085.21 | $ 2,085.21 | $ 2,543.15 | $ 6,713.57 |
| Insurance /Health | $ 3,046.28 | $ 3,046.28 | $ 3,046.28 | $ 9,138.84 |
| Utilities | $ 520.00 | $ 520.00 | $ 520.00 | $ 1,560.00 |
| Bank Service Fees | $ 229.00 | $ 229.00 | $ 229.00 | $ 687.00 |
| Total Operating Expenses | $ 72,350.39 | $ 73,909.61 | $ 75,082.57 | $ 221,342.57 |
| Net Operating Income | $ 6,144.39 | $ 10,079.80 | $ 11,426.53 | $ 27,650.71 |
| Amazon | $ 7,000.00 | $ 7,000.00 | $ 7,000.00 | $ 21,000.00 |
| GUC | | | | $ - |
| Admin Claims | | | | $ - |
| Total Debt Service | $ 7,000.00 | $ 7,000.00 | $ 7,000.00 | $ 21,000.00 |
| NET BUSINESS INCOME (LOSS) | $ (855.61) | $ 3,079.80 | $ 4,426.53 | $ 6,650.71 |